UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY BRISCOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:08-CV-1717 (CEJ) |
| | ) | |
| ST. LOUIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to join Jack Webb, a captain with the St. Louis County Police Department, as a defendant in this action. Defendants oppose the motion and the issues are fully briefed.

I. **Background**

On November 7, 2008, plaintiff brought the instant action pursuant to 42 U.S.C. § 1983, naming St. Louis County and several of its police officers as defendants. The plaintiff alleges that the defendants' actions led to his wrongful conviction and incarceration for rape and burglary, in violation of his constitutional rights. Among other things, plaintiff alleges that the defendants engaged in conduct designed to thwart his postconviction efforts to obtain DNA testing of three cigarette butts found at the scene of the crime. Ultimately, the evidence was tested and plaintiff was exonerated.

After a pretrial conference, the Court entered a case management order establishing May 15, 2009, as the deadline for joining additional parties or amending pleadings without leave of court. On April 28, 2009, plaintiff received defendants' Rule 26 disclosures, which stated, *inter alia*, that:

> Captain Jack Webb is likely to have discoverable information related to the post-conviction investigation, discovery and forensic testing of evidence related to the rape, burglary, and stealing allegations that

>   occurred at 2235 Summerhouse, Apartment 12, on October 21, 1982, [concerning] Johnny Briscoe and Larry Smith.  Captain Webb is an employee of the St. Louis County and may be reached through the undersigned counsel.

(Doc. #17-5, at 7, ¶ 19).

On June 16, 2009, plaintiff deposed Webb regarding an affidavit he had submitted during the postconviction proceedings in the state court.  In the affidavit, Webb stated that a search of the St. Louis County crime laboratory had failed to yield the cigarette butts that plaintiff wanted to have tested.  Relying on this affidavit, the trial court dismissed plaintiff's postconviction motion.  In his deposition, Webb gave testimony suggesting that the crime lab had not been searched for the cigarette butts.

## II. Discussion

Rule 20 provides that "persons . . . may be joined as defendants in a single action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2).  "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974) (citation omitted).

Plaintiff alleges that Webb "played a critical role in thwarting [the] DNA testing" that plaintiff sought in his postconviction motion.  (Doc. #15, at 2).  As such, plaintiff contends that "[t]he claim against Webb is merely one part of the whole claim already asserted with respect to the frustration of [his] efforts to obtain his exoneration by DNA testing." (Doc. #16, at 5).  Specifically, plaintiff cites to his complaint, where he alleges that:

> Briscoe subsequently sought a court order requiring another search for evidence and for an accounting of the missing evidence. As a result of a court ordered search, the Commander of Defendant St. Louis County's Bureau of Criminal Identification submitted an affidavit and letter to Briscoe's counsel stating that crime lab personnel had searched the evidence storage freezers and been unable to locate the three cigarette butts or other evidence associated with Briscoe.

(Doc. #16, at 5) (citing Doc. #1, at 10, ¶ 50). Plaintiff explains that "adding . . . Webb as a defendant permits a claim to be brought against him by merely adding a face to [his] existing claims and provides details of the deprivation of [his] civil rights." (Doc. #16, at 5).

The allegations plaintiff seeks to assert against Webb are the same as those he asserts against the defendants already named in this action. The claims to be asserted against Webb arise from the same occurrence or series of occurrences connected to plaintiff's conviction and incarceration. Additionally, the plaintiff's claims present questions of law and fact that are common to Webb and the other defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to join Jack Webb as a defendant [Doc. #15] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of July, 2009.