UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY BRISCOE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:08-CV-1717 (CEJ) |
| ST. LOUIS COUNTY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motions to dismiss plaintiff's first amended complaint. Plaintiff filed a response, and the issues are fully briefed.

### I. Background

On May 4, 1982, a jury in the Circuit Court of St. Louis County, Missouri, convicted plaintiff of forcible rape, sodomy, robbery second degree, burglary first degree, stealing, and three counts of armed criminal action. On June 22, 1983, the court found plaintiff to be a persistent offender, and sentenced plaintiff to a forty-five year term of imprisonment. On May 15, 1984, the Missouri Court of Appeals reversed plaintiff's conviction for stealing, but affirmed his conviction and sentence on all other counts. State v. Briscoe, 672 S.W.2d 370 (Mo. Ct. App. 1984).

On October 4, 2001, plaintiff filed a motion for post-conviction forensic DNA testing. Pursuant to a court order, Jack Webb (Webb), Commander of the St. Louis County's Bureau of Criminal Identification, submitted a signed affidavit and letter, stating that the crime lab personnel had searched the evidence storage freezers and were unable to locate evidence, including the three cigarette butts associated with plaintiff's criminal case.[1] In or about April 2004, one of the crime lab's storage freezers

---

[1]The allegations contained in plaintiff's first amended complaint do not indicate when the court issued the order, nor does it reveal when Webb submitted his affidavit.

experienced a power failure. As a result of the power outage, the three cigarette butts were found and inventoried. After attending a conference on DNA exonerations, the crime lab supervisor ordered another search for evidence related to plaintiff's case. On November 17, 2005, the crime lab located the three cigarette butts. In or about May 2006, the lab conducted a DNA analysis of the cigarette butts, which revealed that the DNA did not match that of plaintiff. On July 18, 2006, the state court overturned plaintiff's conviction, and issued an order releasing him from prison.

On November 7, 2008, plaintiff filed the instant action against St. Louis County (the County) as well as Lane Hollandsworth (Hollandsworth), Stephen Deen (Deen), Sr., and Webb, individually and in their official capacities as officers of the St. Louis County Police Department, pursuant to 42 U.S.C. § 1983 for his wrongful conviction and incarceration, seeking compensatory and punitive damages as well as reasonable attorney's fees and costs. Plaintiff filed an amended complaint on August 6, 2008.

II. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support

of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

III. Discussion

In Count I of his amended complaint, plaintiff alleges that Hollandsworth and Deen violated § 1983 by (1) depriving him of a fair trial by obtaining and using intentionally and recklessly suggestive identification procedures and undue influence that caused the victim to identify plaintiff as the perpetrator; (2) failing to adequately investigate the crimes for which plaintiff was charged; and (3) withholding exculpatory evidence from plaintiff and the prosecution. In Count II, plaintiff asserts that the County violated § 1983 by having a policy, custom, and/or practice of inadequately supervising and training its police officers to preserve all evidence, and that Webb violated § 1983 by "thwarting the testing of exonerating DNA evidence[.]" (Doc. #27, at 10, para. 51).

A. Plaintiff's § 1983 Claim Against St. Louis County

The County argues that plaintiff fails to allege sufficient facts to support his § 1983 claim against it. In Monell v. Department of Social Services, 436 U.S. 658, 690 (1978), the United States Supreme Court held that municipalities may be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision." Id. A plaintiff, however, need not specifically plead or identify an unconstitutional policy to survive a motion to dismiss. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004). At the very least, a plaintiff must allege facts which would support the

existence of an unconstitutional policy or custom.  Id.  A plaintiff's failure to include any "allegations, reference or language by which one could begin to draw an inference that the conduct complained of, resulted from an unconstitutional policy or custom would render [its] complaint deficient."  Id.

The Court finds that plaintiff's first amended complaint does not set forth enough facts which would support the existence of an unconstitutional policy.  To support his § 1983 claim against the County, plaintiff alleges that:

> 67.  Prior to July 20, 2006, the County of St. Louis'[s] Police Department and Crime Lab developed and maintained policies and customs exhibiting indifference to the constitutional rights of persons facing criminal charges in the County of St. Louis, which caused the violation of Briscoe's rights and entitles him to an award of punitive damages.
>
> 68.  It was the policy, custom, or both of the relevant Departments of the County of St. Louis to inadequately supervise and train its police officers and lab personnel, including . . . Defendant [Webb], thereby failing to adequately discourage further constitutional violation[s] on the part of its officers in not maintaining adequate safeguards to preserve all evidence from the Briscoe trial, including [the three] cigarette butts.

(Doc. #27, at 12-13).  Plaintiff's allegations do not support the existence of an unconstitutional policy.  The first allegation against the County is nothing more than "a 'formulaic recitation of the elements of'" a § 1983 claim.  Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1951 (2009).  Paragraph 68 states that the County has implemented a policy and/or custom of inadequately training and supervising its police officers.  However, plaintiff's first amended complaint only describes one incident involving Webb's alleged inability to locate the cigarette butts.  These facts do not give rise to an inference suggesting that the County implemented a policy that violated plaintiff's constitutional rights.  Thus, the Court will dismiss plaintiff's § 1983 claim against the County.

    C.    **Plaintiff's Claims Against Deen, Hollandsworth, and Webb**

In their motions to dismiss, the individual defendants argue that plaintiff's § 1983 claims are barred by the statute of limitations. "To determine the applicable limitations for general personal claims." Engesser v. Multiple Unnamed Guards at Farming Corr. Ctr., No. 4:09-CV-485 CAS, 2009 WL 929110, *1 (Apr. 3, 2009) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)). In Missouri, the statute of limitations for general personal injury actions is five years. Mo.Rev.Stat. 516.120(4). Recently, the United States Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (2009).

In the instant action, plaintiff's alleges that Hollandsworth and Deen violated his due process right to a fair trial, resulting in his wrongful conviction and sentence. See (Doc. #27, at 11, par. 60). As stated above, plaintiff's conviction was overturned on July 18, 2006. Therefore, the statute of limitations for plaintiff's § 1983 claim against Hollandsworth and Deen did not commence until July 19, 2006. Less than three years later, on November 7, 2008, plaintiff filed the instant action. As such, plaintiff's § 1983 claims against Hollandsworth and Deen were timely filed. Based on the foregoing, the Court believes that plaintiff's § 1983 claims against Hollandsworth and Deen are not time-barred.

Webb also argues that plaintiff's § 1983 claim against him for submitting an allegedly false and misleading affidavit at his post-conviction hearing is barred by Missouri's five-year statute of limitations. To support his contention, Webb refers to dates not mentioned in plaintiff's first amended complaint. See (Doc. ##27, at 10, para. 49-51; 35, at 10-13). As such, the Court finds that the record contains

insufficient facts to determine when the statute of limitations commenced for plaintiff's § 1983 claim against Webb.

In their motions to dismiss, the defendants repeatedly refer to evidence outside the pleadings. See (Doc. ##33-2, at 4-16; 34-2, at 5-16; 35-2, at 5-13). Federal Rule of Civil Procedure 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The Court, therefore, will treat defendants' motions to dismiss as motions for summary judgment. Because the motions do not include a statement of uncontroverted material facts as required by Local Rule 4.01(E), and discovery is not complete,[2] the Court cannot determine whether a genuine fact dispute exists. Thus, granting defendants' motions for summary judgment would be premature.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant St. Louis County, Missouri, to dismiss plaintiff's first amended complaint [Doc. #32] is **granted**.

**IT IS FURTHER ORDERED** that the motions of defendants Stephen Deen, Jr., Lane Hollandsworth, and Jack Webb to for summary judgment [Doc. ##33, 34 and 35] are **denied without prejudice**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[2]The parties agreed to reopen discovery to re-depose plaintiff in January 2010. See (Doc. #85).

Dated this 22nd day of February, 2010.