UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY BRISCOE | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) No. 4:08-cv-1717 CEJ |
| | ) |
| COUNTY OF ST. LOUIS, MISSOURI, MISSOURI, et al. | ) |
| | ) |
| Defendants | ) |

**MEMORANDUM IN SUPPORT OF
MOTION TO ALTER OR AMEND
ORDER OF SEPTEMBER 28, 2010**

Mr. Briscoe filed a motion seeking sanctions on account of the defendants' violations of discovery rules, local court rules, and case-specific orders. (Doc. 120 at 1-3.) On September 28, 2010, the day after it granted summary judgment to the last of the defendants, the Court ruled that the motion for sanctions had become moot. (Doc. 150.) That ruling appears to misconstrue the purpose of sanctions: "[S]anctions are 'designed to punish a party who has already violated the court's rules.'" *Perkins v. General Motors Corporation,* 965 F.2d 597, 599 (8th Cir. 1992). It also deprived the Court and the public of their mutual interest in orderly judicial proceedings and compliance with court rules, and deprived Mr. Briscoe of his right to be free from gratuitous legal expense occasioned by the misconduct of adverse litigants. The Court should set aside its declaration of mootness and consider Mr. Briscoe's motion for sanctions.

The misconduct alleged in Mr. Briscoe's motion was a matter of history by the time the motion was filed, and the harm—to Mr. Briscoe, to the Court's

processes, and to the public interest in orderly judicial proceedings—was done. The Court's ruling on the merits of Mr. Briscoe's claims did not change the facts or the issues germane to the pending motion for sanctions. In *Perkins* the Court of Appeals noted that "the court's discretion in imposing sanctions and the public's interest in ensuring compliance with the rules of procedure" do not disappear because the litigants' dispute has been resolved. 956 F.2d at 500. In *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991), the Supreme Court stated: "[W]e have made it clear that . . . sanctions may be imposed years after a judgment on the merits." Id. at 56; *see also Cooter & Gell v. Hartmarx Corporation,* 496 U.S. 384, 396 (1990) (recognizing that "even 'years after the entry of judgment on the merits' a federal court could consider an award of counsel fees"). And in *Chambers* the Court stated clearly that the imposition of sanctions for bad faith in litigation "depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." 501 U.S. at 53.

Mr. Briscoe acknowledges that the inherent power of federal courts to impose sanctions must be exercised with restraint and discretion. *Chambers,* 501 U.S. at 45. The misconduct alleged in this case was inexcusable and in direct violation of court rules and orders. (Doc. 120 at 1-3.) This Court has "unquestioned power" to impose sanctions against parties who demonstrate bad faith in their conduct during litigation. *Hutto v. Finney,* 437 U.S. 678, 690 n.14 (1978) (citing *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240,

2

258-59 (1975)). The Court's finding of mootness in this case was incorrect and should be set aside.

                                              BURTON NEWMAN, P.C.

                                              <u>     /s/ Burton Newman     </u>
                                              Burton Newman, ED #3939
                                              231 South Bemiston Avenue, Suite 910
                                              St. Louis, Missouri 63105
                                              Telephone:  (314) 863-4100
                                              Facsimile:  (314) 863-4340

                                              *Attorney for Plaintiff Johnny Briscoe*

*Of counsel:*

Michael A. Gross Ed # 9887
34 North Brentwood Boulevard, Suite 207
St. Louis, Missouri 63105
Telephone:  (314) 727-4910
Facsimile:  (314) 727-4378

## CERTIFICATE OF SERVICE

      I hereby certify that on October 28, 2010, the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                              <u>     /s/ Burton Newman     </u>