UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY BRISCOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:08-CV-1717 (CEJ) |
| | ) |
| COUNTY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion by plaintiff to alter or amend the September 27, 2010 order granting summary judgment in favor of defendants Lane Hollandsworth, Stephen Deen, Sr., and Jack Webb. Plaintiff also seeks to alter or amend the September 28, 2010 order denying his motion for sanctions as moot. Defendants oppose plaintiff's motions, and the issues have been fully briefed.

I.   Background

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 to recover damages for alleged violations of his constitutional rights by defendants Hollandsworth, Deen, Webb and St. Louis County.[1] On October 26, 1982, plaintiff was arrested for the rape of a woman identified as R.T. in her St. Louis County apartment. After a jury trial, he was found guilty and was sentenced to a 45-year term of imprisonment. Plaintiff remained in prison until July 2006 when the St. Louis County Circuit Court set aside his conviction based on DNA evidence.

---

[1]Plaintiff's first amended complaint was dismissed as to St. Louis County on February 22, 2010.

Defendant Hollandsworth was a detective in the sexual crimes unit of the St. Louis County Police Department and was the lead investigator of the 1982 rape. Defendant Deen was also a detective with the St. Louis County Police Department and participated at various stages in the investigation of plaintiff. Plaintiff claims that Hollandsworth and Deen violated his constitutional rights during the investigation that led to his wrongful conviction by employing identification procedures that were unconstitutionally suggestive, conducting a reckless investigation, and failing to disclose exculpatory evidence in bad faith.

Defendant Webb was employed as an officer in the St. Louis County crime lab and was responsible for the storage and retrieval of evidence in plaintiff's case. Plaintiff claims that Webb was responsible for delaying his release[2] while the crime lab was unable to locate and test the evidence that eventually led to his exoneration.

A more detailed description of the events surrounding plaintiff's wrongful conviction and subsequent exoneration can be found in the Court's September 27, 2010 memorandum and order. Briscoe v. St. Louis County, Slip Copy, 2010 WL 3905339 (E.D. Mo. 2010) (Doc. #148).

On September 27, 2010, after considering the parties' lengthy summary judgment briefs and numerous exhibits, the Court granted summary judgment in favor of defendants Hollandsworth, Deen, and Webb. (Doc. #148). In the same order, the Court also denied plaintiff's motion for leave to file a third amended complaint. Plaintiff now seeks to alter or amend the Court's September 27, 2010 order under Rule 59(e)

---

[2]Plaintiff filed his first motion in state court for DNA testing on or about October 3, 2001. The evidence that lead to his release was not located until November 17, 2005 and DNA testing conclusively excluded plaintiff as a suspect in the 1982 rape on July 18, 2006.

based upon newly discovered evidence and manifest errors of law or fact. (Doc. #151).

II. Legal Standard

A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir.1998). It should be noted that Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." Id. (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.1988)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id.

III. Discussion

Plaintiff asserts four grounds for relief in his Rule 59(e) motion: (1) the judgment in favor of Hollandsworth should be altered based on newly discovered evidence; (2) the judgment in favor of Hollandsworth on the claim that he conducted an impermissibly suggestive lineup should be reversed as a manifest error of law or fact; (3) the judgment in favor of Webb should be reversed as a manifest error of law or fact; and (4) the decision to deny plaintiff leave to file an amended complaint based on futility was a manifest error of law or fact.

A. Newly Discovered Evidence

The newly discovered evidence offered by plaintiff consists of two affidavits signed by R.T., the victim of the 1982 rape, dated October 22, 2010 (Doc. #151-1) and November 30, 2010 (Doc. #164). R.T. states that she and Hollandsworth

engaged in a sexual relationship during the course of the investigation, but she deliberately withheld this information because she "hoped to avoid the shame and embarrassment of [her] involvement" with Hollandsworth. (Doc. #164). R.T. states that plaintiff's counsel and his investigator questioned her about the existence of a sexual relationship on several occasions before her deposition, and each time she denied it. (Doc. #164). The October 22, 2010 affidavit also contains new testimony about conversations between Hollandsworth and R.T. during the investigation. R.T. states that she had hoped plaintiff's case "would be resolved without the need to disclose [her] relationship with Detective Hollandsworth," and she decided to come forward with this information after learning that plaintiff's case had been dismissed. (Doc. #164).

To prevail on a motion for post-judgment relief based upon newly discovered evidence, the movant must show that (1) the evidence was discovered after the entry of judgment; (2) the movant exercised due diligence to discover the evidence before judgment; (3) the evidence is material and not merely cumulative or impeaching; and (4) considering the evidence would probably produce a different result. See U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc., 320 F.3d 809, 815 (8th Cir.2003) (discussing factors one must show to prevail under Rule 60(b)(2), which are the same under Rule 59(e)). The defendants do not dispute plaintiff's assertion that R.T.'s testimony about the sexual relationship constitutes newly discovered evidence. There is, however, disagreement about whether plaintiff has satisfied the remaining prerequisites for obtaining relief under Rule 59(e).

1. Due Diligence

Plaintiff submits that he took reasonable efforts to discover the information

contained in the R.T. affidavit prior to entry of judgment by questioning R.T. repeatedly about whether she had a personal relationship with Hollandsworth. Defendants argue that because plaintiff failed to question R.T. about the relationship during her deposition he cannot satisfy the reasonable diligence requirement under Rule 59(e). Plaintiff responds that his informal discovery efforts were sufficient to satisfy due diligence and that his failure to elicit sworn testimony on the subject was designed to avoid antagonizing his key witness.

Due or reasonable diligence has been defined as "the diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." Black's Law Dictionary (9th ed. 2009). It refers to steps that a reasonable attorney would have taken to discover the evidence plaintiff now seeks to admit. See Baxter Intern., Inc. v. Morris, 11 F.3d 90 (8th Cir. 1993). As noted in Baxter, failure to ask "the right questions" at a deposition may show a lack of reasonable diligence. Id. at 93; see also Reed v. Teledyne Systems Co., Inc., 94 F.3d 652 (9th Cir. 1996) (failure to depose known witnesses amounted to a lack of reasonable diligence). In contrast, taking the deposition testimony of a witness, which is later shown to be false, shows that a party took reasonable steps to discover this information prior to judgment. See Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509 (8th Cir. 1984).

Here, plaintiff failed to exercise reasonable diligence. Plaintiff's claim of recklessness and bad faith was premised in large part on the assertion that Hollandsworth conducted an inadequate investigation and withheld evidence because he was engaged in or actively pursuing a personal relationship with R.T. Plaintiff's counsel knew about the possibility of a sexual relationship between R.T. and

Hollandsworth as early as 2006. It was then that plaintiff's counsel heard a rumor about an affair from an individual he referred to as a "reliable source." See Affidavit of Lawrence E. Mooney (Doc. #163-2). Apparently finding the rumor credible, plaintiff's counsel relayed it to the prosecuting attorney. Plaintiff's counsel and his investigator informally questioned R.T. about her relationship with Hollandsworth, but it does not appear that they told her that there was a reliable source who contradicted her claim that there was no affair. Had R.T. been confronted with the existence of the "reliable source" it is possible that she would have disclosed the relationship earlier.

Although he had the opportunity to do so, plaintiff's counsel did not question R.T. about the affair during her deposition. Nothing in R.T.'s affidavits suggests that she would have testified falsely had she been asked about it. Counsel's failure to question R.T. under oath about the nature of her relationship with Hollandsworth may have avoided antagonizing his witness, but it is not consistent with the diligence reasonably expected from an attorney seeking to fulfill his obligation to discover a fact crucial to his or her client's case. See Greyhound Lines, Inc. v. Wade, Not Reported in F.Supp.2d, 2006 WL 316877 *2 (D. Neb. 2006), aff'd, 485 F.3d 1032 (8th Cir. 2007) (content of post-judgment deposition "was-or should have been-thoroughly explored before [judgment].").

2.  **Materiality and Effect of Newly Discovered Evidence**

Plaintiff argues the Court would have reached a different result had it considered the contents of the current R.T. affidavit when deciding defendants' motions for summary judgment. Defendants, however, state that the Court must disregard those portions of the newly submitted R.T. affidavit that contradict previously sworn testimony and that the remaining portions would be insufficient to alter the outcome

of their summary judgment motions.

Initially, the Court notes that defendants are incorrect in stating that any portion of the R.T. affidavit that contradicts previously sworn testimony must be disregarded. To the contrary, evidence of perjury by a third-party witness has been noted as a basis for post-judgment relief as newly discovered evidence under Rule 59(e) or 60(b)(6). See Jones v. Swanson, 512 F.3d 1045 (8th Cir. 2008). The case relied on by defendants, Garnac Grain Co., Inc. v. Blackley, 932 F.2d 1563 (8th Cir. 1991), has since been narrowly applied only "where a conflict between deposition and affidavit presents 'only sham issues.'" Roberts v. Park Nicollet Health Services, 528 F.3d 1123 (8th Cir. 2008) (quoting Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361 (8th Cir. 1983); see also Prosser v. Ross, 70 F.3d 1005 (8th Cir. 1995) (extending Camfield to instances where a party offers a non-party affidavit to contradict testimony by that party). R.T. is not a party in action, her affidavit does not contradict testimony offered by plaintiff, the affidavit does not raise "only sham issues," and thus, Blackley and Camfield do not apply.

The new testimony offered in R.T.'s affidavits relates only to conduct by Hollandsworth. Thus, it is clearly not material to the claims against the other defendants and, therefore, does not affect the decision to grant summary judgment in their favor.

For the reasons discussed below, the Court finds that plaintiff's newly discovered evidence also is not material to the claims against Hollandsworth and would not have resulted in a different outcome had it been presented earlier.

    a.    **Identification Procedures**

Plaintiff asserted that Hollandsworth conducted an impermissibly suggestive

photo array and live lineup. In her affidavit, R.T. states for the first time that Hollandsworth told her she had picked Johnny Briscoe immediately after the photo array. She also states that Hollandsworth told her not to worry if she had picked the wrong person because Briscoe had probably committed some other crime for which he hadn't been caught. (Doc. #151-1 at para. 14). In ruling on the summary judgment motion, the Court considered similar testimony given by R.T. in her deposition. The Court concluded that even if suggestive statements and conduct could be attributed to Hollandsworth, that they did not create a substantial likelihood of irreparable misidentification. The new allegations in R.T.'s affidavit do not alter the Court's view that the photo array was not unconstitutional.

As to the live lineup, it was undisputed that Hollandsworth did not participate in formulating the live lineup and was not present when it was conducted. The R.T. affidavits contain no additional information about the live lineup procedure. As such, they have no effect on Court's ruling with respect to the constitutionality of the live lineup.

### b. Reckless or Deliberately Indifferent Investigation

The second ground for liability alleged by plaintiff was that Hollandsworth conducted a reckless investigation in a manner that"shock[s] the conscience." See Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008) (citing Wilson v. Lawrence County, Mo., 260 F.3d 946, 956 n.8 (8th Cir. 2001); Brady v. Maryland, 373 U.S. 83, 87 (1963)). Plaintiff claims that R.T.'s post-judgment acknowledgment of a sexual relationship with Hollandsworth "completes the evidentiary picture of Mr. Hollandsworth's motivation to engage in the investigative misconduct that resulted in the wrongful arrest, prosecution and incarceration of Mr. Briscoe." (Doc. #152, p.7).

Specifically, plaintiff summarizes Hollandsworth's misconduct as:

> Mr. Hollandsworth rushed to judgment; conducted virtually no investigation at all; ignored obvious avenues of inquiry such as evaluation of Mr. Briscoe's alibi and a search of Mr. Briscoe's home for jewelry and credit cards that the rapist stole from R.T.; arrested Mr. Briscoe despite the patent disparity between R.T.'s description of her rapist, the composite sketch produced from her fresh memory, and Mr. Briscoe's own appearance; never conducted a blood-type analysis that would have had the potential to exonerate Mr. Briscoe; and brushed aside and covered up his own encounter with and brief arrest of the actual rapist in the middle of the night, at R.T.'s apartment door, a few weeks after the assault and Mr. Briscoe's arrest.

Id. Plaintiff states that there is ample evidence to support each of these instances of misconduct and that Hollandsworth's actions were intentional or reckless and rise to a level that "shocks the conscience." Plaintiff's theories are that Hollandsworth sought a quick arrest of plaintiff to impress R.T., he sought to avoid any doubt as to plaintiff's arrest in order to protect the relationship, and he sought to conceal his relationship with R.T. to avoid disciplinary action for his unethical conduct.

The Eighth Circuit has found that a reckless or deliberately indifferent investigation may rise to a level that shocks the conscience only in limited circumstances where: "(1) evidence that the state actor attempted to coerce or threaten the defendant, (2) evidence that investigators purposefully ignored evidence suggesting the defendant's innocence, (3) evidence of systematic pressure to implicate the defendant in the face of contrary evidence." Akins v. Epperly, 588 F.3d 1178 (8th Cir. 2009) (citing Amrine v. Brooks, 522 F.3d 823, 833-35 (8th Cir.2008) (summarizing cases)). As noted in Wilson, failure to investigate potentially exculpatory leads does not, by itself, support a claim of recklessness or deliberate indifference. 260 F.3d at 955; see also Folsom v. Morgan County, Mo., Slip Copy, 2011 WL 2417009 (W.D. Mo. 2011). Likewise, "the police do not have a constitutional duty to perform

any particular tests" in search of *potentially* exculpatory evidence. See Villasana v. Wilhoit, 368 F.3d 976 (8th Cir. 2004) (citing Arizona v. Youngblood, 488 U.S. 51, 59 (1988)).

Even giving plaintiff the benefit of the disputed facts and all reasonable inferences,[3] he still fails to show a constitutional violation by Hollandsworth. As the Court previously noted, "[t]his is not a case in which the police failed to conduct an investigation designed to apprehend R.T.'s attacker." Briscoe v. St. Louis County, Slip Copy, 2010 WL 3905339 *8 (E.D. Mo. 2010) (Doc. #148). Hollandsworth did not coerce or threaten plaintiff nor is there evidence that he systematically pressured R.T. to identify plaintiff as her attacker. There is also no evidence that Hollandsworth purposefully ignored evidence suggesting plaintiff was innocent. Unlike other cases in which the Eighth Circuit has found an unconstitutionally reckless investigation, nothing in the record here shows that Hollandsworth knew or should have known plaintiff was actually innocent. Plaintiff's theories as to how this new evidence relates to Hollandsworth's conduct during the investigation is simply too speculative to survive summary judgment. See Clemmons v. Armontrout, 477 F.3d 962 (8th Cir. 2007) ("[C]onclusory allegations will not suffice." (citation omitted)).

Plaintiff relies on White v. McKinley, 605 F.3d 525 (2008)(White II), in support of his claim of a constitutional violation. In White II, the plaintiff was charged with molesting his daughter. After his acquittal, plaintiff brought a § 1983 suit against the

---

[3]"[A]t the summary judgment stage, the nonmoving party is given the benefit of all reasonable inferences. Pace, 201 F.3d at 1056 . . .The threshold question then is whether, viewed in the light most favorable to [plaintiff], the facts as alleged demonstrate that [defendant]'s conduct violated a constitutional right." White, 519 F.3d at 813.

police officer who investigated the molestation charge and was awarded damages. At trial, plaintiff submitted evidence that the defendant had been involved in a sexual relationship with plaintiff's wife and that the defendant had suppressed evidence that would have disputed the molestation charge. The judgment was affirmed on appeal, with the Eighth Circuit finding that there was ample evidence showing that the defendant did not truthfully disclose potentially exculpatory evidence to the prosecuting attorney. Id. at 533. The court further found that a reasonable jury could have concluded that the defendant acted in bad faith by misrepresenting the true nature of his relationship with plaintiff's wife and by failing to preserve the exculpatory evidence. Id at 532.

In White, there were facts alleged from which a reasonable jury could find that the defendant conducted the investigation in a manner that was designed to advance his relationship with plaintiff's wife. White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008)(White I). Such is not the case here. It is undisputed the Hollandsworth did not know plaintiff or R.T. prior to the crime. In contrast to the situation in White, the alleged sexual relationship between Hollandsworth and R.T. did not begin until after plaintiff had been indicted by the grand jury. (Doc. #151-1). By this time, plaintiff had been identified by R.T. and arrested, and Hollandsworth's role in the investigation was essentially over. Thus, even if R.T.'s new allegations are true, they would not change the outcome of the summary judgment motion.

    c.    **Failure to Disclose Exculpatory Evidence**

Plaintiff's third ground for recovery against Hollandsworth is that he failed to disclose potentially exculpatory evidence. As explained in Brady v. Maryland, "the suppression by the prosecution of evidence favorable to an accused upon request

violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of prosecution." 373 U.S. 83, 87 (1963). Brady's protections also extend to actions of investigating officers, but "an investigating officer's failure to preserve evidence potentially useful to the accused or their failure to disclose such evidence does not constitute a denial of due process in the absence of bad faith." White I, 519 F.3d at 814.

Plaintiff focuses on the December 4, 1982 incident in which Larry Smith was arrested for knocking on R.T.'s door at two o'clock in the morning. Plaintiff states that this is the evidence Hollandsworth withheld in bad faith. The new affidavit contains no information about this incident that was not previously submitted, apart from R.T.'s statement that she now has no recollection of that night. Plaintiff claims that Hollandsworth knew or should have known of the possible exculpatory value of this evidence and his failure to disclose it to plaintiff's counsel violated Brady. Specifically, plaintiff states that the fact that Larry Smith gave several aliases before giving his real name, matched the description given by R.T. of her attacker and was knocking on her door at two o'clock in the morning indicated a possible connection to plaintiff's case. Plaintiff also claims that misspelling of Hollandsworth's and R.T.'s names in the police report prepared by the officer who arrested Larry Smith are evidence of Hollandsworth's efforts to conceal the incident.

Nothing in the record suggests that Hollandsworth knew or should have known the exculpatory value of Larry Smith's arrest. California v. Trombetta, 467 U.S. 479, 489 (1984) ("To meet this standard of constitutional materiality, evidence must [] possess an exculpatory value that was apparent." (citation omitted)). Months before Smith's arrest, plaintiff had been identified unequivocally by R.T. as the man who raped

her. As such, the materiality of Larry Smith's arrest was not reasonably apparent and plaintiff has submitted no evidence that Hollandsworth had actual knowledge of the exculpatory value of the incident.[4]

Plaintiff's theory is that Hollandsworth directed the arresting officer to misspell the names in the arrest report in order to conceal Hollandsworth's presence at the R.T.'s apartment. This theory is not reasonable in light of the undisputed facts. The arresting officer testified that the misspellings were his fault; he did not attribute the errors to Hollandsworth. The misspellings were relatively minor (*e.g.*, "Hollingsworth"), and the report identifies Hollandsworth as a St. Louis County police officer. The misspellings did not prevent plaintiff's defense counsel from searching for the arrest report because there was no searchable computer database in use by the St. Louis County Police Department until 1988 or 1989. See Busalaki Depo. (Doc. #88-57). Also, unlike other cases in which a police officer's conduct amounted to a Brady violation, Hollandsworth did not conceal, fail to preserve or destroy evidence of the December 4 arrest of Larry Smith. To the contrary, he reported the incident to the police department, had an on-duty officer arrest Larry Smith, and provided the arresting officer with background information about R.T.'s prior rape and his involvement in the case -- all of which was included in the arrest report. Id.

B. Manifest Error as to Identification Procedures

Plaintiff claims that the Court committed a manifest error of law or fact when it determined that the identification procedures conducted by Hollandsworth were

---

[4]It is notable that plaintiff has submitted no evidence showing that the December 4th arrest of Larry Smith was recognized by anyone as exculpatory until DNA testing indicated Larry Smith was R.T.'s rapist in June of 2006.

-13-

constitutional. Plaintiff has cited to no new case law to support this contention. Instead, he claims this finding was contrary to an expert report concluding that the photo identification must have been suggestive and R.T.'s testimony that she was influenced in her identification of plaintiff. The Court carefully considered this evidence prior to determining that plaintiff failed to establish the photo array created a substantial likelihood of irreparable misidentification. As such, plaintiff has not shown that this conclusion was based upon a manifest error of law or fact.

C. **Summary Judgment as to Webb**

On October 3, 2001, plaintiff filed a motion for post-conviction DNA testing pursuant to Mo. Rev. Stat. § 547.035. The post-conviction court granted the motion and ordered the DNA testing. Defendant Webb worked in the St. Louis County crime lab and signed an affidavit dated March 19, 2002 stating that the lab was unable to locate the evidence from the 1982 rape for DNA testing. The affidavit also stated that Webb or his subordinates had performed a thorough search of the evidence stored at the crime lab. After an evidence freezer malfunctioned and the contents were inventoried, Webb directed his staff to perform another search for evidence in plaintiff's case in November of 2005. The laboratory personnel located the evidence that eventually led to plaintiff's exoneration on November 17, 2005.

In its September 27, 2010 order granting summary judgment in favor of Webb, the Court found that plaintiff had submitted no evidence that the affidavit signed by Webb was intentionally false or submitted in bad faith. The Court further determined that plaintiff did not have a substantive due process right to post-conviction testing under District Attorney's Office for Third Judicial Dist. v. Osborne, 129 S.Ct. 2308 (2009).

On March 7, 2011, the United States Supreme Court clarified that a § 1983 plaintiff could bring a procedural due process claim where state law provided for post-conviction DNA testing as a matter of right. Skinner v. Switzer, 131 S.Ct. 1289 (2011). The Skinner decision supports plaintiff's argument that he could assert a procedural due process claim even if his substantive due process claim was barred by Osborne. (Doc. #151, pp.11-13). Because defendants in Missouri have a right to post-conviction DNA testing, plaintiff could assert a § 1983 claim based on a denial of procedural due process. See Belcher v. State, 299 S.W.3d 294 (Mo. 2009) (construing Mo. Rev. Stat. § 547.035 as providing a right to and liberty interest in post-conviction DNA testing).

After considering the record in light of the Skinner decision, the Court finds that Webb is still entitled to summary judgment on plaintiff's § 1983 due process claim. As noted in the September 27, 2010 order, plaintiff has submitted no evidence that Webb's 2002 affidavit was intentionally false or was intended to deprive plaintiff of his right to post-conviction DNA testing. The Eighth Circuit has not yet articulated a test for a violation under Skinner, but the bad faith requirement is consistent with decisions by other courts that have considered the issue, as well as the general standard for § 1983 liability based upon a due process violation. See, e.g., Newton v. City of New York, --- F.Supp.2d ----, 2011 WL 1833184 (S.D. N.Y. May 12, 2011) (applying McKithen v. Brown, 626 F.3d 143 (2d Cir. 2010)).

D.   Leave to File an Amended Complaint

The plaintiff argues that the denial of leave to file an amended complaint was a manifest error of law or fact. He states that his amended complaint cures the deficiencies found in the February 22, 2010 order dismissing the complaint as to St.

Louis County for failure to state a claim. The Court disagrees. Because plaintiff is still unable to show a constitutional violation by any of the individual defendants, his claim against their municipal employer must fail as a matter of law. Russell v. Hennepin County, 420 F.3d 841 (8th Cir. 2005) ("Before the [county] can be held liable, there must be an unconstitutional act by a [county] employee." (citing Avalos v. City of Glenwood, 382 F.3d 792, 802 (8th Cir.2004))). As such, plaintiff's motion for leave to file his third amended complaint would still be futile.

### E. Motion for Sanctions

The Court entered an order on September 28, 2010 finding plaintiff's pending motion for sanctions moot based upon its September 27, 2010 summary judgment order. As discussed above, plaintiff's motion for sanctions is still moot.

### IV. Conclusion

Plaintiff has not shown that he is entitled to post-judgment relief from the September 27, 2010 order based upon newly discovered evidence or manifest error of law or fact.

Accordingly,

**IT IS HEREBY ORDERED** that the motion by plaintiff to alter or amend the judgment [Doc. #151] is **denied**.

**IT IS FURTHER ORDERED** that the motion by plaintiff to reconsider the September 28, 2010 order [Doc. #153] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2011.